IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-00456-RPM

JOHN C. CAMPOS,

                      Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                      Defendant.

_____

ORDER AFFIRMING DECISION
_____

On October 22, 2004, an Administrative Law Judge (ALJ) denied the applications of John C. Campos for Disability Insurance Benefits and Supplemental Security Income, filed January 12, 2004, alleging disability beginning October 1, 2003.  In that decision, the ALJ determined that while Mr. Campos could not perform his past work as a landscape laborer, miner and other work at the heavy exertional level, he retained sufficient residual functional capacity to perform a full range of medium work.  (R. 27-36).  The medical history that was then before the ALJ included surgeries on the claimant's right knee in 1973 and in 1986; hospitalization for esophageal bleeding in March, 2002, and treatment for chronic alcohol cirrhosis liver disease and celiac disease during 2003.  While that decision appears to be problematic, there was no appeal and under Social Security regulations it must be given *res judicata* effect unless there is new and material

evidence provided.  20 C.F.R. § 404.989.

A second application was filed on February 18, 2005, and on October 2, 2007, the same ALJ denied disability, finding that although Mr. Campos had severe impairments of osteoarthritis in both knees and had been treated for other medical conditions, he had the residual functional capacity to perform the jobs of dispatcher, information clerk and parking lot attendant.  The ALJ refused to reopen the prior decision.  The ALJ also determined that the claimant's last insured status expired on December 31, 2003, making his claim limited to Supplemental Security Income.

In seeking review under 42 U.S.C. § 405(g), the plaintiff contends error in denying reopening of the prior application and in failing to accord controlling weight to the plaintiff's treating physician that Mr. Campos is disabled from performing any kind of manual labor and that the determination of residual functional capacity to perform light work is not supported by substantial evidence.

The ALJ gave great weight to the opinions of Dr. J. Stephen Gray, M.D., based on a consultative examination of Mr. Campos on July 18, 2005.  (R. 304-309).  Dr. Gray found that Mr. Campos has significant right knee arthritis and some mild left knee arthritis.  The right knee prevents his being able to return to any work requiring prolonged bending, stooping, squatting or kneeling and limited standing for a period of ten minutes without sitting down to rest.  Dr. Gray did not find a limitation on the length of time sitting.  He did find limitations on walking and climbing.  Dr. Gray did not consider the other medical problems to present a basis for limitations.

Dr. Dean Branson, Jr., D.O., wrote a letter dated November 3, 2004, to the plaintiff's claim representative, expressing the opinion that Mr. Campos' history of cirrhosis and esophageal bleeding with celiac disease were lifelong illnesses and limited the use of non steroid arthritis pills.  Dr. Branson considered the arthritis to be severe, limiting his patient's ability to do any kind of manual labor.  (R. 193).

The plaintiff contends that because Dr. Branson is a treating physician, his opinion should be given controlling weight.  The ALJ did accept the opinion that Mr. Campos could not do manul labor.  The ALJ also noted that the claimant had reported to Dr. Branson that he had been elk hunting and walked three miles.

The ALJ also relied on the report of the medical records review done by Dr. Karl Chambers, M.D., on August 4, 2005.  (R. 295-303).

Most significantly, the ALJ rejected the testimony of the plaintiff given at the hearing held in Alamosa, Colorado, on August 16, 2007.  The testimony concerning pain, depression and limited activities would support a finding of disability.  Some corroboration was provided by the claimant's sister, Susan Campos.   In his written decision, the ALJ explained the reasons for his determination that the testimony was not credible and that determination must be accepted by this Court.

The ALJ also discussed the other aspects of the medical records of treatment and his reasons for determining that severe impairments were not shown since October 23, 2004, the period under consideration.

Given the limitations of the judicial review authorized by the statute, the ALJ's decision is supported by substantial evidence and, accordingly, it is

ORDERED that the decision is affirmed.

Dated: June 24th, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge